**MARIO C. MOORHEAD,** Appellant

v.

**UNITED STATES OF AMERICA**

No. 71-1651

United States Court of Appeals

Third Circuit

Argued January 25, 1972

Decided March 3, 1972

ROBERT ST. LEGER GOGGIN, ESQ. (MARSHALL, DENNEHEY & WARNER), Philadelphia, Penna, *for appellant*

FREDERICK G. WATTS, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

GIBBONS, *Circuit Judge*

This is an appeal from the denial by the District Court of the Virgin Islands of two separate motions pursuant to 28 U.S.C. § 2255 (1971) for relief from federal custody. The appellant, Mario C. Moorhead, is in custody at the

Federal Penitentiary, Lewisburg, Pennsylvania, serving a sentence for armed robbery of a grocery store in the District of Columbia. This sentence was imposed by the District Court of the Virgin Islands when Moorhead, a native of St. Croix, having been arrested in the Virgin Islands on a fugitive warrant, waived trial in the District of Columbia, consented to the disposition of his case in the Virgin Islands and pleaded guilty. Moorhead's first § 2255 motion was denied on April 15, 1971. His second § 2255 motion which the court treated as a motion for reconsideration of its April 15, 1971 order, was denied on May 13, 1971. A notice of appeal from both orders was filed on June 10, 1971. Since the United States is a party the appeal is timely as to both orders. Fed. R. App. P. 4(a).

Moorhead's guilty plea was entered before Judge Clary[1] on April 21, 1970. He was then represented by retained counsel. Judge Clary complied fully with the requirements of Fed. R. Crim. P. 11 and there is nothing in the record which suggests that the guilty plea was anything but voluntary. Moorhead was fully advised of the nature of the charges and the consequences of the plea. The court made adequate inquiry into the factual basis for the plea.

On May 25, 1970 Moorhead appeared before Judge Christian for sentencing. In the pre-sentence investigation report there appeared a statement, attributed to Moorhead, allegedly made subsequent to his guilty plea, which was inconsistent with guilt. Before imposing sentence Judge Christian asked Moorhead if he had made such a statement to the probation officer. After consulting with his counsel Moorhead denied making the statement. He was then advised that if the statement to the probation officer were true the court would void his guilty plea and return him for trial. The defendant responded that he was guilty. Judge Christian then outlined the report of the Metropoli-

[1] Sitting by designation in the District Court of the Virgin Islands.

486

tan Police of the District of Columbia which alleged that Moorhead had been apprehended after an exchange of gun fire with the police immediately after robbing a Safeway Store. He asked Moorhead if the version of the Metropolitan Police was true and Moorhead acknowledged that it was.

Moorhead, at the time he was committed to the custody of the Attorney General, was advised that he would be returned to court for final sentencing and that he could receive a maximum of fifteen years in prison pursuant to 18 U.S.C. § 4208(b). The Attorney General submitted to the court the report required by that section of the statute, and on November 5, 1970 he was brought before Judge Christian for final sentencing. Again he was represented by retained counsel. He was afforded the opportunity to speak, and he made no indication that he desired to withdraw his guilty plea. He was sentenced to seven years to be served in accordance with 18 U.S.C. § 4208(a)(2).

In his § 2255 petitions Moorhead contends that his plea was in fact involuntary. He contends that he was induced to plead guilty by statements of his retained attorneys and his father. In summary he alleges that he was assured by his attorneys that there was a "proposition" that if he pleaded guilty he would get no more than a suspended sentence or full probation, that this "proposition" was later changed to a "light sentence," that he was advised by his attorneys to respond affirmatively when asked by the court if his plea was being made voluntarily, that he is in fact innocent and has never admitted his guilt other than in open court.

Needless to say, the records of the court reflect no such "proposition." Moreover neither of Moorhead's § 2255 petitions alleges that Judge Clary or Judge Christian or the prosecuting authorities were parties to the "proposition." Rather the contention seems to be that his attorneys,

perhaps falsely, assured him there was a "proposition" and thereby induced him to enter a guilty plea to a charge of which in fact he was not guilty.

Judge Christian after a careful examination of the record denied Moorhead's motions without a hearing. Denying the first motion the court ruled:

"I find the allegations of petitioner's motion to be patently false from a careful study of the motion, files and records in this case. No amount of testimony by petitioner or the persons mentioned by him in his moving papers could possibly stand up against the record of petitioner's plea and sentencing proceedings. No substantial issues of fact are raised, and the motion, therefore, must be denied."

Denying the second motion the court ruled:

"I conclude that this petitioner is not entitled to an evidentiary hearing on the records and files in this case."

On appeal Moorhead makes two principal contentions:

(1) That when on May 25, 1970 he appeared before Judge Christian for sentencing the court should have but did not fully comply with Fed. R. Crim. P. 11.

(2) That he is entitled to an evidentiary hearing on his § 2255 motion.

■ ■ The first contention assumes that the proceeding on May 25, 1970 was a plea proceeding to which Rule 11 applied. The defect alleged was the court's failure to inquire whether or not any promises or threats had been made to induce his plea of guilty. The remedy, if there was a defective compliance with Rule 11, is to permit the defendant to plead anew. McCarthy v. United States, 394 U.S. 459 (1969). But the assumption upon which appellant bases his contention is false. The record is clear that Moorhead pleaded guilty before Judge Clary on April 21, 1970 after full compliance with the requirements of Rule 11. The May 25, 1970 proceedings before Judge Christian were held pursuant to Fed. R. Crim. P. 32. The court's

inquiry about Moorhead's statement to the probation officer, reflected in the presentence investigation report, was for the purpose of determining whether a motion for withdrawal of a plea of guilty pursuant to Rule 32(d) was in order. There is no requirement that the court at the time of sentencing undertake a repeat performance of the Rule 11 inquiry. Thus we reject the contention that on the present record Moorhead is entitled to plead anew.

██ ██ The second contention presents a more serious problem. Section 2255 provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

\*     \*     \*

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

Judge Christian did not cause notice to be served on the United States attorney and did not hold a hearing. He concluded, apparently, that the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. Certainly there is nothing in the files and records of the case which suggests the possibility of relief. But the motions allege matters outside the record which, if true, cast serious doubt upon the voluntariness of the guilty plea. Moorhead alleges that his plea was induced by the representations of his attorneys that there was a "proposition" for at least a light sentence. In the posture of the case before us there are several possibilities. Moorhead may be lying about what his attorneys told him. His attorneys may have told him what he alleges, and they may have been lying. His attorneys may have told him what he alleges and may in fact have had some arrangement with the prosecuting authorities. We can exclude the possibility

that the court was a party to any arrangement since Judge Christian would in such event have known of it. But none of the other possibilities are conclusively negated by the files and records of the case. They depend upon matters outside the record. At least two of the possibilities involve alleged misrepresentations as to unfulfilled or unfulfillable promises. A plea induced by such misrepresentations does not meet the federal standards of voluntariness. Brady v. United States, 397 U.S. 742, 755 (1970). Moorhead does not allege merely erroneous legal advice. Compare McMann v. Richardson, 397 U.S. 759 (1970); Parker v. North Carolina, 397 U.S. 790 (1970). He alleges actual misrepresentation as to a "proposition" for a light sentence. That allegation is sufficient to require the holding of an adversary hearing after notice to the United States attorney.

On the present record we do not decide whether it will be necessary to bring Moorhead to the Virgin Islands for such a hearing. In Sanders v. United States, 373 U.S. 1, 20 (1963) Justice Brennan wrote:

"On remand, a hearing will be required. This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined without requiring the production of the prisoner at the hearing. This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to appoint counsel to represent the applicant."

The district court's discretion as to the petitioner's presence is not limited by the fact that allegations of fact outside the

record must be investigated. Machibroda v. United States, 368 U.S. 487, 495 (1962).

In an analogous case arising under 28 U.S.C. § 2254 we recently had occasion to point out that a petitioner's presence was appropriate where there were substantial factual issues over events in which he was a direct participant and where he had not testified in person on those issues in the state court. United States ex rel. Davis v. Yeager, Appeal No. 17,852 (3d Cir., filed Dec. 30, 1971). The rule is the same for proceedings under § 2255. United States v. Hayman, 342 U.S. 205, 223 (1952). But the evidence against a petitioner's extra-record contentions may be so overwhelming as to justify a conclusion that an unsupported and inherently improbable allegation does not raise a substantial issue of fact. Moreover there is no reason why the court may not resort in this independent collateral proceeding to the use of a deposition to obtain a fuller version of the petitioner's contentions than is set forth in the motion papers now on file. Harris v. Nelson, 394 U.S. 286, 299 (1969); Kimbrough v. United States, 226 F.2d 485 (5th Cir. 1955). The court, in other words, may fashion its procedure so as to promote a fair and efficient handling of this § 2255 petition.

The orders denying the petitioner's first § 2255 motion and declining to reconsider that denial on the basis of the second § 2255 motion will be reversed and the case remanded to the District Court of the Virgin Islands for a hearing, on notice to the United States attorney, at which Moorhead shall be represented by counsel. The scope of that hearing will depend upon the substantiality of the factual issues developed preliminarily and upon the court's view as to the need for in person testimony by Moorhead on those issues.