**UNITED STATES of America**
**v.**
**Roberto VALENCIANO, Appellant,**
**and Marie Aguilar.**
**No. 73–1767.**

United States Court of Appeals,
Third Circuit.

Submitted March 15, 1974.

Decided April 12, 1974.

Roberto Valenciano, pro se.

John J. Barry, Richard S. Zackin, Asst. U. S. Attys., Newark, N. J., for appellee.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

In 'Moorhead v. United States, 456 F. 2d 992 (3d Cir. 1972), we held that a federal defendant was entitled to an evidentiary hearing on an application pursuant to 28 U.S.C. § 2255 in which it was alleged that his counsel had made an actual out-of-court misrepresentation as to a "proposition" or arrangement relating to the guilty plea. We said that a hearing was mandated irrespective of the facial regularity of the in-court plea proceedings conducted in accordance with Rule 11, F.R.Cr.P. This appeal requires us to decide whether the principles expressed in *Moorhead* have been diluted by our subsequent per curiam opinion in Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972), where "the only claim . . . [was] that counsel inaccurately predicted the sentence."

■ We hold that the *Moorhead* rule persists with continuing vitality and that the contrary result reached in *Masciola* was the product of particular facts and limited contentions. We find that in denying a request for an evidentiary hearing in this case, the district court placed too broad an interpretation on *Masciola*. We vacate the judgment and remand for an evidentiary hearing.

Valenciano and his wife were indicted in the district courts of Florida and New Jersey on narcotics offenses, 21 U. S.C. § 841(a). Following pleas of guilty to Count II of the New Jersey indictment and to the Florida indictment, Rule 20, F.R.Cr.P., Valenciano received sentences of five years on the Florida indictment and two years on the New Jersey indictment, to run consecutively. In addition, he received a special parole term of three years. In his motion filed in the district court, Valenciano contended that his attorney transmitted to him the contents of an agreement entered into "between his attorney, the United States Attorney for the District of New Jersey and the United States Attorney for the District of Miami, Florida." He alleged that the understanding reached before the entry of his plea was that the Florida sentence was to run concurrently with the New Jersey sentence, and that no mention was made of the Special Parole Term which follows incarceration. These same allegations are repeated in his *pro se* brief.

The Rule 11 plea proceedings were conducted through a Spanish-speaking interpreter.[1] Explaining that the interpreter accompanied him during out-of-court conversations with his client, appellant's counsel reported that an "agreement [was] reached between the U.S. Attorney and myself" as to a plea on one New Jersey count and an agreement to the Florida transfer. The record discloses:

MR. WILLIS: Your Honor, as to the indictment out of the Federal District of New Jersey, as to Count 1 of that indictment, I wish the Court to accept a plea of guilty to Count 2, your Honor. I have spoken to the defendant, Roberto Valenciano, concerning Count 2 of the indictment. At that time I brought with me to the West Side Federal Penitentiary Mr. Joseph Martinez, a Certified Court Reporter, to do the interpreting.

1. Apparently the district court did not have the advantage of a record of the Rule 11 plea proceedings at the time the § 2255 proceedings were before it. Testimony of the plea reception was transcribed at the direction of this court for the consideration of this appeal.

I questioned the defendant as to his guilt or innocence as to that charge. He professed his guilt, your Honor. No promises were made to the defendant by myself as to the sentence. I informed him that he could receive the maximum penalty under the law for that count.

Furthermore, I believe, after a thorough discussion, he understands that no one, myself, the United States, can make any promises to him as to what the sentence is to be.

I believe that the plea of guilty, if accepted by the Court, is a voluntary plea based upon the willingness of the defendant to admit his guilt to the second count, your Honor.

I ask the Court to question the defendant as to his plea of guilty.

Assuming that his counsel's in-court declarations were translated to the appellant, he faces a formidable barrier in any evidentiary hearing to explain silence in the face of representations by his counsel that: "No promises were made to the defendant by myself as to the sentence." Notwithstanding appellant's burden, *Moorhead* mandates a hearing. As therein stated by Judge Gibbons: "In the posture of the case before us there are several possibilities. Moorhead may be lying about what his attorneys told him. His attorneys may have told him what he alleges, and they may have been lying. His attorneys may have told him what he alleges and may in fact have had some arrangement with the prosecuting authorities. . . . [N]one of . . . [these] possibilities are conclusively negated by the files and records of the case. They depend upon matters outside the record." 456 F.2d at 995.

We are also aware that appellant's burden at an evidentiary hearing will be virtually herculean when confronted with the following passage from his plea proceeding:

Q. Has anybody threatened you or promised you anything to induce you to plead guilty to Count 2?

A. No, your Honor.

Q. Has anybody promised you or made you understand what sentence you may receive? Is there any understanding with any judge or lawyer or prosecutor?

A. No promise.

Facially, this record colloquy would seem to be conclusive, but the brute fact is that Congress has mandated an evidentiary hearing in a § 2255 proceeding "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.[2] The possibility exists that an inherent part of the out-of-court understanding was that appellant would respond negatively to an open court inquiry as to whether promises had been made. In any event, the allegations are directed to evidentiary matters not in "the files and records of the case."

Where the voluntariness of the plea is attacked with an assertion that one's counsel or the prosecutor, or both, made an out-of-court arrangement or "proposition" as to the outcome of a sentence which differs from that pronounced by the court, an evidentiary hearing will ordinarily be necessary on a § 2255 motion attacking the voluntariness of the plea. A showing in the Rule 11 plea reception proceeding may, under certain circumstances, obviate a subsequent § 2255 hearing if the plea reception record discloses that (1) the defendant states that no promise, representation, agreement or understanding was made or that none other than that disclosed in open court was made to him by any person prior to the entry of the

---

**2.** "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255.

plea, and (2) the defendant affirmatively states that no out-of-court promise, representation, agreement or understanding required the defendant to respond untruthfully or contrary to the terms thereof in the in-court plea reception proceedings, and (3) that the defendant understands that he may not at a later time contend that any promise, representation, agreement or understanding was made by any person other than that set forth in open court. While such disclaimers may not obviate the necessity of subsequent § 2255 evidentiary hearings in all cases, it may be prudent for defense counsel, prosecutor, or the court to elicit such disclaimers from the defendant at the time of the reception of the guilty plea. We have previously urged the district courts to "inform the defendant that plea bargaining is specifically approved by the court and that he may truthfully inform the court of any plea negotiations 'without the slightest fear of incurring disapproval of the court.'" Paradiso v. United States, 482 F.2d 409, 413 (3d Cir. 1973).

*Masciola* did not require an evidentiary hearing because the alleged representation was no more than counsel's inaccurate prediction of the sentence. The court pointedly observed: "He does not indicate on what basis the assurances were made, nor does he allege any Government involvement in communicating to him the assurances. He also does not allege any understanding between him and the United States Attorney's office or the court. . . . An erroneous prediction of a sentence by a defendant's counsel does not render a guilty plea involuntary. Wellnitz v. Page, 420 F.2d 935 (10th Cir. 1970). Here, with no facts alleged to indicate that counsels' assurances were any more than predictions based on counsels' knowledge and experience the *Wellnitz* principle is applicable." 469 F.2d at 1058–1059. A fundamental distinction exists between an allegation of counsel's erroneous prediction of sentence as in *Masciola* and an allegation of a bargained sentence as in *Moorhead.*

We therefore remand for an evidentiary hearing at which time the court will also have the opportunity of considering the possible application of Roberts v. United States, 491 F.2d 1236 (3d Cir. 1974).

The judgment of the district court will be vacated and the cause remanded for proceedings consistent with the foregoing.

ROSENN, Circuit Judge (concurring).

We must remand this case to the district court to vacate its judgment and permit the petitioner to plead anew to the indictment under our decision in Roberts v. United States, 491 F.2d 1236 (3d Cir. 1974). I therefore do not believe that the evidentiary hearing directed by the majority is necessary.

In Roberts v. United States, *supra,* petitioner contended that at the time he pleaded guilty to the offense of distribution of heroin, 21 U.S.C. § 841(b), he was not advised that a mandatory special parol term would attach to any sentence of imprisonment imposed. We held that knowledge of such fact was essential to an understanding of the consequences of a guilty plea and remanded the proceedings to the district court "with directions to vacate the judgment of conviction and sentence, to vacate the plea of guilty, and to afford appellant an opportunity to plead anew to the indictment." Roberts v. United States, *supra.*

In the instant case, Valenciano contends that he was never made aware, prior to the time he received a time sheet from the Record Office of the United States Penitentiary in Atlanta, Georgia, that a special parole term of three years was to attach to his sentence. The Government does not argue in its brief that Valenciano was told of the mandatory special parole term at the time of his plea, nor does the transcript of the Rule 11 proceedings, held on

April 12, 1972, reveal that Valenciano was so informed by the district court. Under these circumstances, *Roberts* dictates that we remand this case to the district court "with directions to vacate the judgment of conviction and sentence, to vacate the plea of guilty, and to afford appellant an opportunity to plead anew to the indictment."

Should Valenciano again decide to plea guilty on remand, or should the district court in the future receive pleas of guilty in other cases, I believe that recurring attacks on the plea or sentence of the type addressed by the majority can be effectively avoided if an inquiry is first directed to counsel for the parties to ascertain if there has been plea bargaining. Judicial acceptance of the plea of guilty should be preceded by a statement of the court and inquiry as was suggested by this court in Paradiso v. United States, 482 F.2d 409 (3d Cir. 1973).

> In connection with their rule 11 inquiry on a plea of guilty, district judges should in essence inform the defendant that plea bargaining is specifically approved by the court and that he may truthfully inform the court of any plea negotiations "without the slightest fear of incurring disapproval of the court." Inquiry should also be made of counsel for the parties as to any plea negotiations. Should inquiry reveal the presence of plea negotiations, counsel for the parties should be required to state of record whether he understands them and concurs. The court, of course, is not obligated to accept any recommendation or bargain reached by the parties, and it should so inform the defendant when any bargain is disclosed.

482 F.2d at 413. *See also,* Proposed Amendments to the Federal Rules of Criminal Procedure, 52 F.R.D. 409, 416–417 (1971); Hilliard v. Beto, 465 F.2d 829, 832 n. 11 (5th Cir. 1972).

I believe that the procedure announced by this court in *Paradiso* adequately meets the problem of "the escalating numbers of cases complaining of aborted plea bargains, involuntary pleas or frustrated plea expectations." 482 F.2d at 413. I am not convinced, moreover, that the additional instructions proposed by the majority will significantly aid the courts in avoiding attacks on pleas of guilty allegedly improperly induced.