UNITED STATES

v.

Joseph **RODRIGUEZ.**

Crim. No. 75–474.

United States District Court,
D. New Jersey.

Oct. 28, 1977.

Jonathan L. Goldstein, U. S. Atty. by William F. Maderer, Sp. Atty., Newark Strike Force, Newark, N. J., for plaintiff.

Joseph Rodriguez, pro se.

OPINION

STERN, District Judge.

On September 7, 1977, Mr. Rodriguez filed a *pro se* motion to vacate his sentence pursuant to Title 28 United States Code, § 2255. Although the allegations are somewhat opaque, it would appear that they are two-pronged: First, he claims that his guilty plea was made under duress. Second, he alleges that he pled guilty for the sole purpose of receiving federal protective custody, and that the government told him that this was the only way in which he could receive such protection. For the reasons set forth below, this Court holds that defendant's assertions are barred by his own representations in open court. Accordingly, defendant's motion is denied.

■ On October 23, 1975, defendant waived indictment and entered a plea of guilty to a charge that he transported stolen property in interstate commerce, in violation of Title 18 United States Code, § 2314. Prior to accepting this plea, this Court conducted a full hearing pursuant to Rule 11, Federal Rules of Criminal Procedure. At this time, the government disclosed the nature of its plea bargain with the defendant, whereby it agreed, *inter alia*, to recommend a five-year sentence and to recommend to state authorities that defendant be kept under federal custody. Defendant was then examined under oath, at which time he unequivocally indicated to this Court that no other inducements or promises entered into his decision to plead guilty.[1] Not only did this Court then go on to conduct a searching examination of the factual basis of defendant's plea, but defendant himself made a full confession to the Court.[2] At the time of sentencing, on April 26, 1976, the government fully complied with the terms of the plea bargain and recommended that the Court impose a five-year sentence.

---

1. Q. Now, if anybody has made any additional promises or any additional inducements to you, tell me now and I'll listen to you. But if you wait and tell me nothing now and wait until after you are sentenced and then are unhappy with the sentence you get, I won't listen to you then. Do you understand me?

A. Yes, sir.
Tr. at 14.

2. BY THE COURT:
Q. Now, this Information charges that on or about the 9th day of July, 1975 you did transport in interstate commerce from the State of

Where, as here, the record conclusively demonstrates the falsity of a defendant's claim based on his own prior sworn statements conducted at a proceeding which met all the requirements of *United States v. Valenciano*, 495 F.2d 585 (3rd Cir. 1974); *Paradiso v. United States*, 482 F.2d 409 (3rd Cir. 1973); and Rule 11, Federal Rules of Criminal Procedure, then an evidentiary hearing is unnecessary. See *United States v. Martinez*, 411 F.Supp. 1352 (D.N.J.), *aff'd by judgment order*, 547 F.2d 1162 (3rd Cir. 1977); and *Stassi v. United States*, 277 F.Supp. 439 (D.N.J.1976), *aff'd by judgment order*, 559 F.2d 1210 (3rd Cir. 1977).

Accordingly, defendant's motion is denied. In addition, because this Court deems this motion to be without merit, defendant's request for counsel is also denied.

Connecticut to Newark, New Jersey some stolen goods; that is, firearms, coins and currency of a value of more than $5,000, and that you knew those goods had been stolen. Is that charge true?
A. Yes.
Q. What did you do, sir?
　　*　　*　　*　　*　　*　　*
A. I drove—I drove in the car from New York to New Jersey.
Q. What was in the car with you?
A. A safe containing coins and money and a suitcase with guns.

Q. Were any of those materials stolen?
A. Yes.
Q. Did you know they were stolen—
A. Yes.
Q. —when you were in the car with them?
A. Yes.
Q. Did you have possession of them?
A. Yes.
THE COURT: I'm satisfied there is a sufficient factual basis for the entry of the plea.
Tr. 16–17.