**UNITED STATES of America**

v.

**Leonard James SICENAVAGE.**

**Crim. No. 77–401.**

United States District Court,
E. D. Pennsylvania.

Aug. 1, 1980.

Carmen C. Nasuti, Philadelphia, Pa., for plaintiff.

Lynell N. Staton, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

On October 27, 1977, defendant pleaded guilty before Honorable E. Mac Troutman to indictment No. 77–401 charging bank robbery, 18 U.S.C. § 2113(a), (b), (c) & (d). After receiving a presentence report, the judge set December 12, 1977 for sentencing. At that time, defendant also pleaded guilty to an indictment transferred from the Eastern District of Virginia under F.R.Crim.P. 20 and designated in this court as No. 77–

522, also charging bank robbery. 18 U.S.C. § 2113(a), (b), (c) & (d). Defendant was sentenced to twenty years imprisonment on each indictment, the sentences to run concurrently. He has now filed a motion under 28 U.S.C. § 2255. I held a hearing on May 29, 1980. I will deny the motion.

I will treat defendant's contentions seriatim, and the following discussion will constitute my findings of fact and conclusions of law.

1. *Ineffective assistance of counsel and unlawfully induced and involuntary guilty plea*

Defendant alleges that before the plea, his counsel promised him that he would receive a maximum sentence of ten years. To corroborate this allegation, defendant testified that his lawyer told him that he knew the judge personally and indeed had been invited to the wedding of the judge's daughter. If a promise of ten years maximum was given, defendant would be entitled to have his conviction set aside and to plead anew. *United States v. Marzgliano*, 588 F.2d 395 (3d Cir. 1978).

However, I remain unconvinced that any such promise was made. Defendant's attorney, Mark S. Refowich, Esq., categorically denied the promise of a ten year sentence, any social connection with the judge, any acquaintance with Judge Troutman's daughter or receipt of any invitation to her wedding; and denied that he made any representation to that effect. I credit the testimony of Refowich.

I am fortified in my conclusion by the F.R.Crim.P. 11 guilty plea proceedings. Judge Troutman was informed that in return for a guilty plea to the Virginia indictment and indictment No. 77–401, the defendant would not be indicted on four other bank robberies in which he admittedly had been involved. Although the prosecution would recommend substantial jail sentences on those two indictments, the U.S. government did agree to recommend that any sentence on the Virginia indictment be concurrent with that on No. 77–401. Judge

Troutman's colloquy with the defendant was a model of meticulous adherence to the rigid Rule 11 demands of the Third Circuit. *United States v. Carter*, 619 F.2d 293 (3d Cir. 1980); *United States v. Hawthorne*, 502 F.2d 1183 (1974).

Thus:

THE COURT: Now, Mr. Sicenavage, as explained, do you understand the terms of the plea bargain?

THE DEFENDANT: Yes, Your Honor. (Tr. at 11.) [1]

THE COURT: No one has promised you any favor, reward, reduction in sentence, or other inducement for the entry of such plea, other than that which has been stated today in open court, is that correct?

THE DEFENDANT: Yes, sir.

(Tr. at 12–13).

THE COURT: And so that the record is clear, other than that stated today in open court there has been no promise, representation, agreement, or understanding made with you by any person other than disclosed in open court today, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And am I correct that there has been no promise, representation, agreement, or understanding made with you by any person which has required you to respond untruthfully to any of the questions which I have asked you in this proceeding? Is that correct?

THE DEFENDANT: Yes.

THE COURT: And do you understand that you may not at a later date contend that there was any such promise, representation, agreement, or understanding made by any person, other than that set forth here today in open court? You understand that?

THE DEFENDANT: Yes.

THE COURT: That you may not at a later date come in and contend that there were promises, understandings or agreements not disclosed today?

THE DEFENDANT: I understand.

(Tr. at 13–14).

1. Transcript of Guilty Plea, October 27, 1977.

In *United States v. Valenciano*, 495 F.2d 585 (3d Cir. 1974) and reiterated in *Hawthorne, supra*, we are told:

"A showing in the rule 11 plea reception proceeding may, under certain circumstances, obviate a subsequent § 2255 hearing if the plea reception record discloses that (1) the defendant states that no promise, representation, agreement or understanding was made or that none other than that disclosed in open court was made to him by any person prior to the entry of the plea, and (2) the defendant affirmatively states that no out-of-court promise, representation, agreement or understanding required the defendant to respond untruthfully or contrary to the terms thereof in the in-court plea reception proceedings, and (3) that the defendant understands that he may not at a later time contend that any promise, representation, agreement or understanding was made by any person other than that set forth in open court. While such disclaimers may not obviate the necessity of subsequent § 2255 evidentiary hearings in all cases, it may be prudent for defense counsel, prosecutor, or the court to elicit such disclaimers from the defendant at the time of the reception of the guilty plea. . . ."

495 F.2d at 587.

Certainly, the requirement of a sworn disavowal of any understanding other than that revealed in open court must serve some purpose. Otherwise, the inquiry required by *Valenciano* and its offspring is meaningless cant. I refuse to conclude that this court of appeals demands futility. Ordinarily, then, the defendant's responses to the Rule 11 search should be final and binding. I recognize, of course, that there may be some exceptions to this rule. *See Brown v. United States*, 565 F.2d 862, 863 n.2 (3d Cir. 1977), "Although Brown denied under oath the existence of any plea negotiations at the plea hearing, the record does not preclude the possibility that such a bargain was in fact made. And this is especially so since the trial court failed to ascertain

whether the defendant had been instructed to respond untruthfully, *see United States v. Valenciano*, 495 F.2d 585, 587 (3d Cir. 1974))." Such exceptions, however, have no place where the judge's inquiries, warnings and instructions have been as painstaking, thorough and punctilious as they were here.

There is even more compelling evidence that defendant was never promised a ten year sentence. By letter dated April 4, 1978, defendant sought a reduction of sentence. The letter was one and one-half single space typewritten pages. On May 23, 1978, Judge Troutman ordered the letter docketed as a motion under F.R.Crim.P. 35 and denied the motion. Nowhere does the letter contain the slightest hint that defendant was assured of a lesser sentence than he received. I find it incredible that if such a promise had in fact been made, it would nevertheless go unmentioned in the rather articulate letter seeking reduction of sentence. The defendant's present contention is palpably a two year afterthought. I conclude that there was no promise of a lesser sentence and that the plea was knowing and voluntary.

### 2. The Virginia Indictment

■ Defendant admitted to the FBI that he had participated in a bank robbery in the Eastern District of Virginia. Refowich, under the correct belief that a federal prosecution would bar a state prosecution,[2] arranged with the United States Attorney in Virginia to obtain the bank robbery indictment, which was the subject of the Rule 20 transfer. Counsel's strategy was beyond criticism. The federal indictment in Virginia, transferred here for arraignment and plea, with a plea bargain for a concurrent sentence, effectively prevented any state prosecution with the attendant risk of an additional consecutive sentence. If counsel had not sought to bar state prosecution by interposing the federal indictment, he may

have been called incompetent, but there is no way that his doing so could be regarded as other than competent.

### 3. Failure to seek reduction of sentence under F.R.Crim.P. 35

■ Defendant argues that the failure on the part of Refowich to file a motion for reduction of sentence under Rule 35 constituted ineffective assistance of counsel. He asks that his sentence be vacated and a new sentence imposed, after which he would have 120 days to file a Rule 35 motion to reduce the new sentence.[3] *United States v. Ackerman*, 619 F.2d 285 (3d Cir. 1980). I reject defendant's argument.

(a) In *Ackerman*, the district court did not address the ineffective assistance of counsel claim. On appeal, *Ackerman* submitted copies of letters from counsel promising to file a Rule 35 motion and then later apologizing for failure to do so within 120 days. In remanding for an evidentiary hearing, the court said, at page 288:

> If these letters were in fact sent, and no justification is [given] for counsel's omission, it may be that Ackerman was denied his Sixth Amendment right to effective assistance of counsel. Inasmuch as these questions can be decided only after an evidentiary hearing, however, and because the district court did not hold such a hearing, we shall remand the case for this purpose.

In this case, defendant testified that Refowich said immediately after sentencing that he would move to reduce (Tr. at 28 [4]), presumably under Rule 35. Refowich, on the other hand, testified that defendant was removed from the courtroom immediately (within forty five seconds) and that he never spoke to defendant about seeking a reduction. (Tr. at 84.)

*Ackerman* seems to be predicated on the promise and the failure to fulfill the prom-

---

**2.** *Sigmon v. Commonwealth*, 200 Va. 258, 105 S.E.2d 171 (1958); Va.Code §§ 19–232, 19.1–259 (1950).

**3.** Of course, the failure to file under Rule 35 in no way affects the validity of the guilty plea.

**4.** Transcript of hearing on § 2255 petition, May 29, 1980.

ise. And even then, the court says only that "it *may be* that Ackerman was denied his Sixth Amendment right to effective assistance of counsel." *Id.* (emphasis added); Here, I have found that there was no neglected promise and consequently the predicate for the possibility of denial of a sixth amendment right is lacking.

(b) *Ackerman* was careful not to articulate a *per se* violation of defendant's sixth amendment rights, even assuming a neglected promise. The court said only that if such were the case, "it may be" that defendant's rights were violated. That cautious approach recognizes that there are situations in which the failure to file a motion does not constitute ineffective assistance of counsel. "Effective assistance does not demand that every possible motion be filed, but only those having a solid foundation." *United States v. Hines*, 470 F.2d 225, 232 (3d Cir. 1972); *see also United States v. Swinehart*, 617 F.2d 336, 341 (3d Cir. 1980).

I can find no "solid foundation" in this case for a Rule 35 motion. There was no economic change, no familial change, no health change; in short, there was no alteration in defendant's situation that would warrant a different sentence. Defendant had been involved in six bank robberies and could have been sentenced to a maximum of 150 years imprisonment. The sentencing judge was not limited to the facts concerning the offense on which there had been a conviction[5] but could consider all the pertinent facts, including the other four robberies. It is not surprising, and certainly no evidence of incompetence, that Refowich "did not feel that the judge would reduce the sentence." (Tr. at 85.)

For the foregoing reasons, defendant's motion under 28 U.S.C. § 2255 will be denied.

---

5. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976); *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir. 1965).