**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Christy J. SWAINSON,**
**Defendant-Appellant.**

**No. 82CA0828.**

Colorado Court of Appeals,
Div. III.

July 14, 1983.

Rehearing Denied Aug. 4, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., John D. Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey R. Edelman, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Christy Jon Swainson, appeals from the trial court ruling that it lacked jurisdiction to entertain Swainson's motion made under Crim.P. 35 for post-conviction reduction of sentence because the motion was filed over two years after the 120-day period prescribed under Crim.P. 35. Swainson argues that the trial court erred in concluding that it lacked jurisdiction since the original sentence was imposed in an illegal manner within the meaning of Crim.P. 35. He also asserts that he was denied effective assistance of counsel when his attorney failed to file a motion within 120 days of the conviction becoming final. We affirm.

On November 4, 1977, Swainson pleaded guilty to second degree murder and, under the terms of a plea bargain, stipulated to a fixed sentence of not less than 15 nor more than 20 years. The district court found that the plea was entered into "voluntarily, knowingly, intelligently and freely," and accepted the plea. The court imposed the agreed upon sentence, which was at that time within the statutorily-prescribed guidelines for class 2 felonies.

Defendant claims that within six weeks of sentencing, he wrote to his trial attorney and asked him to seek a reduction of sentence. He further asserts that the attorney responded by letter that he would not file such a motion until the case involving Swainson's co-defendant had been resolved. That case was resolved 13 months later, by which time the 120 days had expired, thus making any such motion futile.

The attorney testified at the hearing on the Crim.P. 35 motion that he could not recall either communication, and stated that he could not envision having tied a motion for reconsideration to the resolution of the case involving Swainson's co-defendant. He stated that his decision not to file the motion was based on the fact that the plea-bargain sentence was for a fixed duration and it would therefore have been futile to seek a discretionary reduction of that sentence.

I.

A defendant must seek reduction of sentence, if at all, within 120 days of the date the sentence is imposed. After the 120-day period has elapsed, the trial court's jurisdiction to alter the sentence is terminated. *People v. Lyons,* 44 Colo.App. 126, 618 P.2d 673 (1980). Thus, unless defendant may be excused for failing to file a motion under Crim.P. 35 within the prescribed time limit, his motion, filed over two years after the end of the 120-day period, must be dismissed as untimely.

Swainson contends that the district court retained jurisdiction to issue an order reducing sentence under Crim.P. 35 because the original sentence was imposed in an illegal manner in that the district court failed to consider mitigating circumstances at the time of sentencing. We disagree.

■ Even if we assume that Swainson has properly characterized his position as seeking relief from an illegally imposed sentence, he incorrectly states the rule in Crim.P. 35(a) as permitting the trial court to "correct a sentence imposed in an illegal manner at any time."

Crim.P. 35 states:

"(a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an *illegal manner* within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed . . . ." (emphasis added)

It is defendant's contention that the trial court failed to exercise discretion in imposing the stipulated sentence. Even if his allegation has merit, his assertion is that the sentence was imposed in an illegal manner, not that it is an illegal sentence. Thus, by the terms of the rule and his own characterization of the issue, Swainson was required to file his motion within 120 days of the imposition of sentence.

## II.

Defendant argues that he was denied his constitutional right to effective assistance of counsel when his attorney failed to file the Crim.P. 35 motion within the time limits, after defendant requested that such a motion be filed.

■ The standard for review in Colorado of a claim of ineffective assistance of counsel in contexts other than post-conviction proceedings is "whether the advice was within the range of competence demanded of attorneys in criminal cases . . . and whether the assistance rendered by the attorney demonstrates faithful representation of the interest of his client." *People v. Blalock,* 197 Colo. 320, 592 P.2d 406 (1979); *see Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971) (requiring "flagrant" shortcomings); *Reynolds v. People,* 172 Colo. 137, 471 P.2d 417 (1970) (mistakes in strategy,

including failure to make a motion for a new trial, did not constitute ineffective assistance).

■ In the absence of Colorado law applying ineffective assistance of counsel claims specifically to failure to file Crim.P. 35 motions, defendant relies on *United States v. Ackerman,* 619 F.2d 285 (3rd Cir. 1980). In order to fall under the rule in *Ackerman,* defendant's counsel would have had both to promise to file the motion in a timely manner and to fail to do so for no proper reason. *United States v. Sicenavage,* 496 F.Supp. 121 (E.D.Pa.1980). We conclude that this is also the standard applicable in Colorado.

■ There was no evidence presented that Swainson's attorney promised to file a motion under Crim.P. 35. The attorney testified that he felt that such a motion would be futile in light of the determinate sentence resulting from a bargained-for plea, and he informed Swainson of this. Moreover, Swainson was aware of these facts when he agreed to the plea. Decisions of procedural strategy are to be made by counsel, *People v. Moody,* 630 P.2d 74 (Colo. 1981); *People v. Shook,* 186 Colo. 339, 527 P.2d 815 (1974), and disagreement by the defendant as to procedural strategy does not constitute ineffective assistance of counsel. *Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *People v. Dennis,* 649 P.2d 321 (Colo.1982).

"[E]ffective assistance does not demand that every possible motion be filed, but only those having a solid foundation." *United States v. Hines,* 470 F.2d 225 (3rd Cir.1972); *see also United States v. Ackerman, supra; Caruso v. Zelinsky,* 515 F.Supp. 676 (D.N.J. 1981); *United States v. Sicenavage, supra.* In *Sicenavage,* as here, defendant's attorney failed to file a Crim.P. 35 motion. The court found no "solid foundation" for a Crim.P. 35 motion since there had been a stipulated sentence and thus held that failure to file was not ineffective assistance of counsel. Hence, this was not a case where counsel's advice was unreasonable or legally

incorrect. *See Stroup v. People,* 656 P.2d 680 (Colo.1982).

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.