

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-1994

# Zilich v. Superint. Reid

Precedential or Non-Precedential:

Docket 93-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Zilich v. Superint. Reid" (1994). *1994 Decisions.* Paper 146.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 93-3459


WAYNE ZILICH,

Appellant

v.

SUPERINTENDENT REID, CHARLES JOHNS


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


(D. C. Civil No. 90-167 Erie)


Argued August 11, 1994
Before: MANSMANN, COWEN and McKEE, Circuit Judges

(Opinion filed: September 30, 1994)


OPINION OF THE COURT



THOMAS S. WHITE,  ESQ.
W. PENN HACKNEY, ESQ.
JAY J. FINKELSTEIN, ESQ.  (ARGUED)
Federal Public Defender
113 West 9th Street
Plaza 9
Erie, PA  16501

Attorneys for Appellant

WILLIAM R. CUNNINGHAM, ESQ.   (ARGUED)
    District Attorney
Erie County
Erie County Court House
Erie, PA  16501

Attorney for Appellee


McKEE, Circuit Judge


The defendant appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. §2254 in which he challenges the validity of a guilty plea that he entered in state court.  Because we conclude that the unique circumstances of this case require that the defendant be afforded an opportunity for a hearing to resolve a factual dispute, we will vacate the order of the district court denying the writ of habeas corpus without a hearing and remand this case to the district court for an evidentiary hearing.

## I. FACTUAL AND PROCEDURAL HISTORY

Wayne Zilich was charged with numerous offenses in state court in June of 1983 in connection with his alleged sexual molestation and rape of his daughter who was then approximately five and a half years old.  On November 15, 1983, Zilich waived his right to a jury trial and the case was assigned to an Erie County Court of Common Pleas Judge who scheduled a bench trial for March 6, 1984.  Before the start of trial Zilich entered into an oral plea agreement under which he agreed to plead guilty to one count of indecent assault and one count of corruption of a minor in exchange for the remaining charges being withdrawn.

During the resulting guilty plea colloquy Zilich affirmed that no promise had been made as to the probable sentence of the court, and that no promise or threats of any kind had been offered to encourage him to plead guilty. Following the colloquy the plea was accepted and a date was given for sentencing.

Before sentencing, however, Zilich filed a petition to withdraw his guilty plea. In that petition he asserted his innocence and alleged that he had entered his plea of guilty only because his attorney had promised him a sentence of probation in exchange for paying a $4,000 bribe to the trial judge. After the defendant petitioned to withdraw his plea, trial counsel was granted leave to withdraw, new counsel was appointed, and several hearings were held in the Erie County Court of Common Pleas.[1]

During the various hearings, Zilich testified about conversations he had with his trial attorney in which he had purportedly been guaranteed probation in return for paying the alleged $4,000 bribe to the judge. Zilich testified that he agreed to pay his trial attorney $10,000 to represent him, and an additional $4,000 for the bribe. Zilich also testified he had made tape recordings of conversations with his trial attorney in which the bribe was discussed.

During one of the hearings Zilich introduced the testimony of a paralegal who had worked in the office of Zilich's trial counsel. The paralegal testified that she had heard Zilich tell

---

[1] In all, six hearings were held on Zilich's petition to withdraw his guilty plea.

his attorney that he (Zilich) wished to withdraw his guilty plea, that the attorney told Zilich he would take care of it, and that the attorney guaranteed Zilich probation. She noted that this guarantee surprised her because the charges were very serious. She further testified that Zilich had paid his trial attorney $10,000 to represent him, but that the attorney had subsequently requested an additional $4,000.

Zilich also produced the testimony of his wife who testified that she had overheard a conversation in the hallway of the courthouse on the day of trial. According to her testimony, Zilich's trial attorney told Zilich he would get probation if he pled guilty. She added that during that conversation the attorney told Zilich not to tell the judge that there was a plea bargain. Additional portions of her testimony also corroborated prior testimony that tape recordings had been made of conversations between her husband and his attorney.[2]

Zilich also produced the testimony of Bradley Foulk, Esq., an attorney who had been associated with Zilich's trial attorney. Foulk testified that on the day the plea was entered he overheard trial counsel tell Zilich not to worry. He further testified that he had no knowledge of any bribe or any allegations of a bribe, but confirmed that Zilich had claimed to have made recordings of conversations between himself (Zilich) and his trial attorney.

---

[2] The evidence about these tape recordings was conflicting. There was also testimony which tended to establish that these tapes, if they had ever existed, had been lost. Still other testimony challenged the existence of any such tapes.

During the course of the hearings, Zilich's trial attorney took the witness stand and denied all of the defendant's accusations.

Before the conclusion of the last hearing, the judge who had accepted the guilty plea granted a defense motion for recusal and the remaining hearings were held before a second judge. On June 24, 1985, the second judge granted Zilich's petition to withdraw his guilty plea, however, the judge did not rule upon any of the defendant's allegations. Instead, the judge granted the petition solely because the defendant was asserting his innocence before sentencing, and because the judge concluded that the prosecution had not established substantial prejudice.[3] Commonwealth v. Zilich, No. 841 of 1983, (C.P. Erie, June 24, 1985).

On March 11, 1987, the Superior Court of Pennsylvania reversed, reinstated Zilich's guilty plea, and remanded the case to the common pleas court for sentencing. The Superior Court held that the trial court had erred in ruling that the Commonwealth had failed to meet its burden of establishing it would be substantially prejudiced by a retrial. Commonwealth v. Zilich, No. 00668 Pittsburgh, 1986 (Pa.Super., March 11, 1987). Thus, neither court ever ruled upon the substance of Zilich's assertion that he had tendered his guilty plea only because he believed he would get probation. On remand Zilich was sentenced to three and one-half to seven years imprisonment on the charges to which he had plead guilty.

---

[3] See Commonwealth v. Neely, 449 Pa. 3, 295 A. 2d 75 (1972).

## A. THE FEDERAL HABEAS PETITIONS

In May of 1990, Zilich filed a civil rights action in the Western District of Pennsylvania and he thereafter filed a petition for a writ of habeas corpus alleging, *inter alia,* that he had entered his guilty plea only because of his attorney's promise of probation in exchange for the alleged bribe, and that the plea was therefore involuntary. Both matters were treated as a habeas corpus petition. The district court denied relief without a hearing and this appeal ultimately followed.[4]

The substance of the defendant's argument on appeal is that the district court erred in denying his petition without a hearing.

---

[4] The district court referred the original petition to a magistrate judge who thereafter filed a Report and Recommendation on January 7, 1991, in which it was recommended that the writ be denied because Zilich failed to exhaust his state remedies. On March 12, 1991, the district court adopted the Report and Recommendation, denied the petition for habeas relief and recommended that a certificate of probable cause be denied. Zilich then filed an appeal to this Court which entered an Order on August 7, 1991, remanding the matter to the district court for further proceedings.

On July 21, 1993, a Report and Recommendation was again filed by the magistrate judge. In that Report the magistrate judge concluded that, based upon his review of the transcripts from the state proceedings, the guilty plea had been voluntarily entered. The report recommended that the petition be dismissed with no further evidentiary hearing. The district court adopted the Report and Recommendation as its opinion and denied a certificate of probable cause. Zilich filed an appeal from that determination followed by a request and a supplemental request for a certificate of probable cause. On February 17, 1994, we granted Zilich's request for a certificate of probable cause.

## II. DISCUSSION

### A.

In <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284 (3d Cir. 1991), we summarized the scope of our review of a district court decision denying a habeas petition without a hearing:

> Our scope of review is limited as we sit not to retry state cases *de novo* but rather to examine the proceedings in the state court to determine if there has been a violation of federal constitutional standards. . . . Where, as here, a district court has denied a petition for  habeas corpus without holding an evidentiary hearing, our review consists of a two-step analysis.  First, we must determine whether the petitioner has alleged facts that, if proved, would entitle him to relief.  If so, we must then decide whether an evidentiary hearing is necessary to establish the truth of those allegations.

923 F.2d at 291. (citations omitted).  Our review of the district court's decision here is plenary, as the dismissal of the habeas petition was based on the state court record, and not upon independent fact finding by the district court.  *Id.* at n. 5; <u>Lesko v. Lehman</u>, 925 F.2d 1527, 1536 (3d Cir. 1991).

The Commonwealth argues that the defendant has been afforded an evidentiary hearing as the magistrate judge reviewed all of the transcripts from the numerous hearings that occurred in state court before recommending that the defendant's petition be denied.  However, it is undisputed that no fact finder has ever entered any findings of fact regarding the defendant's

allegations that his guilty plea was induced by a promise of probation in return for bribing the trial judge.

**B.**

The determination of whether a guilty plea is "voluntary" for purposes of the U.S. Constitution is a question of federal law, but the determination of the historical facts surrounding the plea bargain is subject to the deferential "presumption of correctness" of 28 U.S.C. §2254(d). <u>Marshall v. Lonberger</u>, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L. Ed.2d 646 (1983).[5]

A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. The plea colloquy is designed to uncover hidden promises or representations as to the consequences of a guilty plea. It can hardly be gainsaid that declarations made under oath ought not to be lightly cast aside. Zilich testified during his plea colloquy that no promises of any sentence and no "deals" had been made to induce him to waive his right to trial and plead guilty. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Nonetheless, the <u>Blackledge</u> Court recognized that this burden is

---

[5] The "presumption of correctness" will be addressed in greater detail below at section "D".

not "invariably insurmountable." *Id.*, at 754, 97 S.Ct. at 1629–30.

A petitioner challenging the voluntary nature of a facially valid guilty plea based on unfulfilled promises or representations by counsel must advance specific and credible allegations detailing the nature and circumstances of such promises or representations. <u>Lesko</u>, 925 F.2d at 1537. A guilty plea induced by promises that divest the plea of its voluntary character is void. <u>Machibroda v. United States</u>, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). <u>See</u> <u>Heiser v. Ryan</u>, 951 F.2d 559, 561 (3d Cir. 1991) (guilty plea not voluntary where defendant's counsel threatened to withdraw if defendant did not plead guilty); <u>United States v. Marzgliano</u>, 588 F. 2d 395, 397–99 (3d Cir. 1978) (petitioner's guilty plea not voluntary where defense counsel misled defendant about sentencing provisions of the plea agreement); <u>United States v. Valenciano</u>, 495 F.2d 585 (3d Cir. 1974) (petitioner's guilty plea not voluntary where made on basis on counsel's statement that two sentences would run concurrently and court imposed consecutive sentences). This fundamental rule is not altered where, as here, a defendant alleges that he was expecting a certain sentence based upon his own illegal conduct. Where surrender of a fundamental constitutional right is concerned, our inquiry can not be focused upon the "clean hands" of the defendant. Instead, we must focus upon the "voluntariness" of the surrender.

Zilich has offered specific testimony that, if true, would negate the voluntariness of his plea and establish that he pled guilty only because of a belief he would receive probation in

return for waiving his right to trial. For purposes of ruling upon his habeas corpus petition, we must take Zilich's factual assertions in the light most favorable to him. Keller v. Petsock, 853 F.2d 1122, 1128 (3d Cir. 1988). If his allegations are proven, he will establish at a minimum that there were representations made by his counsel that he would receive probation in return for his pleading guilty and paying a bribe to the judge. Whatever criminal consequences such a scheme would hold for Zilich, the allegations, if true, would entitle him to habeas relief under 28 U.S.C. §2254. Thus, we must decide if the district court erred in denying Zilich an evidentiary hearing.

## C.

Our inquiry begins with Townsend v. Sain, 372 U.S. 293, 312-14, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), in which the Supreme Court wrote: "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." Townsend, 372 U.S. at 311. Here, the procedure afforded defendant to resolve his allegations falls short of this requirement. In United States v. Valenciano, 495 F.2d 585 (3d Cir. 1974), we held that

> Where the voluntariness of a plea is attacked with an assertion that one's counsel or the prosecutor, or both, made an out-of-court arrangement or 'proposition' as to the outcome of a sentence which differs from that pronounced by the court, an evidentiary hearing will ordinarily be necessary on a 2255 motion attacking the voluntariness of the plea.

495 F.2d at 587 (citations omitted). The holding in Valenciano has been extended to §2254 petitioners. See Lesko, 925 F.2d at 1539.

We are aware that Zilich was afforded numerous hearings in state court, and a federal magistrate judge reviewed the transcripts of those hearings before recommending against relief. However, Zilich's claims cannot be resolved without a fact finder determining credibility. Here the magistrate judge merely reviewed transcripts of the various hearings which were held in the Court of Common Pleas and made a recommendation to the district court based upon that review. The district court then adopted the magistrate judge's recommendation, and the findings implicit within the recommendation, and denied relief based upon the magistrate judge's Report and Recommendation. Under the circumstances of this case, such a procedure does not meet the standards of affording a "full and fair hearing." The Supreme Court has previously stated, "Where an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility. . . . [Q]uestions of credibility, of course, are basic to resolution of conflicts in testimony." Townsend, 372 U.S. at 322. It is only by observing testimony that the factfinder ". . . can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). This is the very reason

appellate judges defer to the factual conclusions of a hearing judge.

> Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his [or her] power of observation often proves the most accurate method of ascertaining the truth. . . . To the sophistication and sagacity of [the trier of fact] the law confides the duty of appraisal.

Marshall v. Lonberger, 459 U.S. at 434, 103 S.Ct. at 851. (citations omitted).

> There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant.

Townsend 372 U.S. at 313-314.

## D.

Normally a state prisoner seeking federal habeas relief in federal court must overcome a presumption that an adverse ruling in state court was based upon an adverse credibility determination by the state hearing judge. See LaVallee v. Delle Rose 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d. 637 (1973), and Marshall v. Lonberger, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). This is not such a case. Here, the state trial court *granted* the requested relief based upon the defendant's assertion of innocence. Accordingly, the presumption of correctness is inapplicable. See Townsend, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Similarly, under 28 U.S.C. §2254(d), findings of fact of state courts are entitled to a presumption of correctness subject to specific exceptions. See Marshall, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (l983). One of those exceptions is where the merits of the habeas petitioner's claim were not resolved in the state court proceeding. In that instance, the presumption of correctness does not apply as there is nothing to which it can attach. 28 U.S.C. §2254(d)(1); Lesko, 925 F.2d at 1540; Sullivan v. Cuyler, 723 F.2d 1077, 1084 (3d Cir. 1983).

**E.**

The district court, by adopting the magistrate judge's Report and Recommendation as its opinion, found that the "record here is so complete, that there is no need for an additional evidentiary hearing." Magistrate's Report and Recommendation of July 21, 1993, at 11. The magistrate judge also concluded,

> [A]dditionally, because it would appear that the record does not substantially support the petitioner's allegations that he pled guilty because he had been assured of a probationary sentence, his allegations here are meritless.

*Id*. We disagree. The district court relied upon the plea colloquy in reaching its conclusion that Zilich's plea was voluntary. See Magistrate Judge's Report, at 8, 9, 11. While Zilich's responses to the questions posed by his attorney and the district attorney during the colloquy appear to conclusively negate Zilich's allegations in his habeas petition, total reliance on the colloquy is misplaced under the circumstances posed by this case.

> The possibility exists that an inherent part
> of the out-of-court understanding was that
> appellant would respond negatively to an open
> court inquiry as to whether promises had been
> made.

Valenciano, 495 F.2d at 587. As noted above, the defendant has offered testimony that this was the case.

Of course, we take no position as to the truth of the defendant's allegations. Nor do we hold that every habeas corpus petitioner is entitled to a hearing in federal court merely because the petitioner has made certain allegations that, if true, would entitle him or her to relief. As the Supreme Court has instructed us

> [T]here are times when allegations of facts
> outside the record can be fully investigated
> without requiring the personal presence of
> the prisoner.
>      . . . But the specific and detailed factual
> assertions of the petitioner, while
> improbable, cannot at this juncture be said
> to be incredible. If the allegations are
> true, the petitioner is clearly entitled to
> relief.

Machibroda v. U.S., 368 U.S. at 495 (1962).

Accordingly we hold that, because the merits of Zilich's claim were not resolved in the state court, and because they require credibility determinations that cannot be resolved by review of the cold record, the district court must give him an evidentiary hearing. Sullivan, 723 F.2d at 1084.[6]

---

[6] Zilich contends that 28 U.S.C. §§2254(d)(1) and (d)(3) require that the district court hold an evidentiary hearing when the state court did not decide the issues of fact alleged by the habeas petitioner. By finding that the district court erred by not granting Zilich an evidentiary hearing, we do not hold that those sections require an evidentiary hearing. We have

## III. CONCLUSION

For the reasons stated herein, we will reverse and remand to the district court for an evidentiary hearing on Zilich's claim.

---

previously indicated that the relationship between Townsend and the §2254 exceptions is "still a murky one". Smith v. Freeman, 892 F.2d 331, 339 n. 13 (3d Cir. 1989). We do not now decide whether the §2254 exceptions codify the Townsend standards.

<u>Zilich v. Reid</u>, No. 93-3459


<u>Mansmann, J.</u>, concurring.

         While I concur in the result, I do so with some
hesitation and concern.  I find it inequitable that a
petitioner's challenge to the voluntary nature of his guilty plea
may rest on allegations that the plea was induced by a scheme to
bribe a judge.  Further, I am troubled by the prejudice to the
victim and the prosecution that will inevitably result from the
delayed resolution of this case.

         However, I am constrained by the language that the
United States Supreme Court has adopted in setting forth the
standard against which the consensual character of a plea must be
measured.  Most recently, in <u>Mabry v. Johnson</u>, 467 U.S. 504, 104
S. Ct. 2543, 81 L.Ed.2d 437 (1984), the Court stated:

> "<u>A plea of guilty entered by one fully aware
> of the direct consequences, including the
> actual value of any commitments made to him
> by the court, prosecutor, or his own counsel,
> must stand unless induced by</u> threats (or
> promises to discontinue improper harassment),
> misrepresentation (including unfulfilled or
> unfulfillable promises), or perhaps by
> <u>promises that are by their nature improper as
> having no proper relationship to the
> prosecutor's business</u> (<u>e.g.</u> <u>bribes</u>)."

<u>Id.</u> at 509, 104 S. Ct. at 2547, <u>quoting</u>, <u>Brady v. United States</u>,
397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)
(emphasis added), <u>quoting</u>, <u>Shelton v. United States</u>, 242 F.2d

101, 115 (5th Cir. 1957) (Tuttle, J., dissenting), <u>reheard en banc</u>, 246 F.2d 571, <u>rev'd on other grounds</u>, 356 U.S. 26, 78 S. Ct. 563, 2 L.Ed.2d 579 (1958).

Thus, it appears that the Supreme Court has decided it appropriate to grant broad protection to defendants who enter guilty pleas, even those who allege knowing and voluntary participation in egregious and illegal conduct. Since we are not writing on a clean slate, I concur with the majority that Zilich is entitled to an evidentiary hearing to test the voluntariness of his plea.