UNITED STATES of America

v.

Herbert ACKERMAN, Appellant.

No. 78–2391.

United States Court of Appeals, Third Circuit.

Submitted Pro Se Nov. 13, 1979.

Reassigned Feb. 11, 1980.

Decided April 21, 1980.

Herbert Ackerman, pro se; Nathan H. Cohen, Anthony J. Tursi, Allenwood Law Library, on brief.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Section, H. Clark Connor, III, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, HUNTER and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from the denial of a pro se motion to vacate, set aside, or correct the sentence of a federal prisoner pursuant to 28 U.S.C. § 2255 (1976). The appellant, Herbert Ackerman, has raised two grounds for relief: (1) that in accepting his guilty plea, the trial judge did not fully and completely discharge his duty under Fed.R. Crim.P. 11; and (2) that he was denied his Sixth Amendment right to effective assistance of counsel. We affirm the judgment of the district court denying the Rule 11 claim, but vacate and remand for a hearing on the question whether Ackerman received effective assistance of counsel.

A federal grand jury returned a two-count indictment against Ackerman that charged him with knowingly or intentionally distributing metamphetamine, a nonnarcotic Schedule II controlled substance,[1] in violation of 21 U.S.C. § 841(a)(1) (1976). Ackerman pleaded guilty to both counts. The district judge sentenced him to five years imprisonment on each count to run concurrently, and to two years of special parole on each count to run consecutively.[2]

### I.

Ackerman's first ground for relief under § 2255 is that the sentencing judge failed to discharge fully his obligations under Rule 11.[3] He claims that, although the judge correctly apprised him of the minimum four-year mandatory special parole term applicable if a consecutive sentence were imposed, the judge did not adequately inform him that, even if he received concur-

---

1. 21 U.S.C. § 812(b) establishes five classes or "schedules" of federally controlled substances. Schedule II includes those drugs defined as follows:

    (A) The drug or other substance has a high potential for abuse.

    (B) The drug or other substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions.

    (C) Abuse of the drug or other substances may lead to severe psychological or physical dependence.

    The substances contained in Schedule II are set forth in 21 C.F.R. § 1308.2 (1979).

2. 21 U.S.C. § 841(b)(1)(B) mandates the imposition of at least two years special parole in addition to any term of imprisonment imposed on a first offender convicted of violating § 841(a) with a nonnarcotic Schedule I or II substance.

3. Rule 11 provides in relevant part:

    (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following

    (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

    · · · ·

rent prison sentences, he nevertheless could be sentenced to four-year special parole. Ackerman also contends that the judge violated Rule 11 by failing to state that a lifetime special parole term could be imposed and by not telling him that the special parole term would be in addition to any other parole he might receive.

Before accepting the guilty plea, the district judge, as required by Rule 11, formally addressed Ackerman, and determined that there was a factual basis for the plea and that Ackerman was acting voluntarily. The judge informed him of the special parole terms by means of the following colloquy:

THE COURT: You do understand, therefore, that in entering this plea, that you are subjecting yourself to a possible maximum penalty of $15,000, five years imprisonment or both on each count or on both counts a possible ten year imprisonment and $30,000 fine.

THE DEFENDANT: Yes, sir, I understand that.

THE COURT: And also if there is imprisonment there would be what is known as a special parole term of at least two years and that would be as to each count. If the imprisonment, for example, was imprisonment that was not concurrent but consecutive so, therefore, there could be the possible special parole term of two years on each count or four years. Do you understand that as well?

Although Ackerman claims that this colloquy inadequately advised him of the nature of special parole, he does not contend that he would have pleaded not guilty had the trial judge complied fully with Rule 11.

In *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the Supreme Court held that the sentencing judge's failure to apprise a defendant who was entering a guilty plea of the *existence* of the mandatory special parole term was not grounds for collateral relief from the sentence under § 2255. Emphasizing the strong public interest in the finality of criminal convictions based on guilty pleas, the Court stated that the district court's mistake was "neither constitutional nor jurisdictional," and that no claim "reasonably [could] be made that the error here resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 783–84, 99 S.Ct. at 2087 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

■ Ackerman does not assert that he was unaware of the existence of the provision for mandatory special parole. Rather, he premises his aspect of the § 2255 motion on his alleged misunderstanding of the precise ramifications of the special parole term. If a complete lack of knowledge about special parole was insufficient to support the petitioner's § 2255 motion in *Timmreck*, Ackerman's more limited claims cannot afford him relief in this case. Accordingly, we hold that the district court did not err in denying Ackerman's § 2255 motion to the extent that it was based on the sentencing judge's alleged noncompliance with Rule 11.

## II.

The second contention advanced by Ackerman is that he was denied his Sixth Amendment right to effective assistance of counsel by his trial attorney's failure timely to file a petition to correct or reduce sentence. Fed.R.Crim.P. 35.[4] Ackerman claims that his attorney promised in writing on November 9, 1977 to file a Rule 35 petition, but on March 27, 1978 wrote to

---

4. Rule 35 provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation or probation as provided by law.

inform Ackerman that he had forgotten to file the petition within the 120 days required by the Rule. Counsel chose not to file an untimely petition because he said he believed it would be denied. In rejecting Ackerman's § 2255 motion, the district court did not address the ineffective assistance of counsel claim.

■ On the record before us, we are unable to adjudicate the merits of this claim. "[T]he standard of adequacy of legal services . . . is the exercise of the customary skill and knowledge which normally prevails at the time and place." *Moore v. United States*, 432 F.2d 730, 736 (3d Cir. 1970) (in banc) (footnote omitted).[5] Ackerman has submitted copies of letters he received from counsel promising to enter a Rule 35 petition and then apologizing for failing to do so within 120 days of sentencing as required by the Rule. If these letters were in fact sent, and no justification is provided for counsel's omission, it may be that Ackerman was denied his Sixth Amendment right to effective assistance of counsel. Inasmuch as these questions can be decided only after an evidentiary hearing, however, and because the district court did not hold such a hearing, we shall remand the case for this purpose. If the district court concludes that Ackerman indeed was denied effective assistance of counsel, it should vacate the sentence and reimpose an appropriate sentence, which would thereby afford Ackerman 120 days within which to file a Rule 35 petition to reduce the new sentence. *Cf: Lacaze v. United States*, 457 F.2d 1075 (5th Cir. 1972) (on § 2255 motion, remedy for finding ineffective assistance based on counsel's failure to advise defendant of right to petition for certiorari is vacation of court of appeals' judgment and entry of new judgment); *Atilus v. United States*, 406 F.2d 694 (5th Cir. 1969) (on § 2255 motion, remedy for finding ineffective assistance based on counsel's failure to take an appeal from conviction is vacation of judgment of con-

viction and remand to trial court for reentry of judgment from which timely appeal could be taken).

### III.

The order of the district court denying Ackerman's § 2255 motion regarding the sentencing judge's alleged noncompliance with Rule 11 will be affirmed. The district court's order denying the § 2255 motion based on ineffective assistance of counsel will be vacated and the case remanded to the district court for an evidentiary hearing on that allegation.

---

5. The defendant has the burden of proving that counsel's representation was constitutionally inadequate. *United States v. Williams* 615 F.2d 585 at 594 (3d Cir. 1980); *United States ex rel.*

*Johnson v. Johnson*, 531 F.2d 169, 174 (3d Cir.), cert. denied, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976).