COMMONWEALTH *vs.* JOSEPH STUBBS. March 3, 1983. The sole question presented on appeal is whether the sentencing judge (the trial judge here) has the power to entertain a motion to revoke or revise sentence filed beyond the sixty-day limit prescribed in Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), if he finds that the defendant's counsel did not file in a timely manner, as he promised, such a motion. Compare *Commonwealth* v. *Layne,* 386 Mass. 291, 295-296 (1982).

If there is a finding of ineffective assistance of counsel based on counsel's failure to file in a timely manner, as he promised, a motion to revoke or revise sentence, the judge should vacate the sentence and reimpose it, thereby affording the defendant an opportunity to file timely a motion pursuant to Mass.R.Crim.P. 29(a) to revise the new sentence. Cf. *United States* v. *Ackerman,* 619 F.2d 285, 287-288 (3d Cir. 1980) (decided under the analogous Fed.R.Crim.P.).

On this record we have no way of knowing whether such a motion was contemplated at the time of sentencing. Nor are we able to discern whether a promise by the lawyer to file such a motion was made at the time of sentencing or made subsequently within the prescribed time limit. Accordingly, the case is remanded to the trial court for findings on the defendant's claim under the Sixth Amendment to the United States Constitution. The judge may hold such evidentiary hearing as he deems necessary and appropriate to a determination of the validity of such a claim. See, e.g., *United States* v. *Sicenavage,* 496 F. Supp. 121, 125 (E.D. Pa. 1980). If the judge finds that in the circumstances here presented there was ineffective assistance of counsel, he should vacate the sentence, and order it to be imposed anew.

*So ordered.*

*Margaret H. Van Deusen* for the defendant.

*Eileen D. Vodoklys,* Assistant District Attorney, for the Commonwealth.