*872 “Rule 29(a) requires that a defendant file his motion within sixty days after the imposition of the sentence. This sixty-day time period established in the rule is absolute and may not be extended.” Commonwealth v. Callahan, 419 Mass. 306, 308 (1995). See Clark, petitioner, 34 Mass. App. Ct. 191, 193-194 (1993). Although a judge may act upon his own motion, the action must be taken within sixty days. See Aldoupolis v. Commonwealth, 386 Mass. 260, 271, cert, denied, 459 U.S. 864 (1982). Rule 29(a) “establishes strict jurisdictional time limits for the filing of such motions,” Commonwealth v. Layne, 386 Mass. 291, 295 (1982), and “the court may not extend the time for taking any action under rule[] 29 except to the extent and under the conditions stated therein.” Mass.R.Crim.P. 46(b), 378 Mass. 922 (1979).
The postconviction record presented by the defendant shows that his counsel at that time (late October, 1990) made a “Limited Appearance . . . for purpose of securing [his] notice of appeal.” That appeal later appears to have been withdrawn after the allowance of the defendant’s motion to revise his sentence. There is a handwritten docket entry apparently made after July 1, 1992, stating “letter to come withdrawing appeal.” The circumstances leading to that withdrawal are not explained in this record. “The fact that the defendant’s appeal from his convictions was not successfully withdrawn until after his sentences were revised suggests that in fact he did not comply with the language of rule 29(a).” Commonwealth v. Layne, supra at 295 n.3. Moreover, the defendant cannot claim the benefit of a later “entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction” after which rule 29(a) appears to allow a motion to revise to be filed within sixty days. Commonwealth v. Callahan, supra at 308.
The defendant asserts in his handwritten motion that he retained counsel to file a motion to revise his sentence, and that he waited eleven months but received no confirmation of such a filing. That assertion is not supported by affidavit of either the defendant or of successor counsel as required by rule 29(b). Nor was it alleged at the hearing on the defendant’s motion that prior counsel promised, but did not timely file a motion to revoke or revise sentence. Although alluded to in oral argument, no issue of ineffectiveness of counsel on this point has been argued in the defendant’s brief. In the circumstances, we deem the issue waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Accordingly, we need not consider the approach suggested in Commonwealth v. Stubbs, 15 Mass. *873 App. Ct. 955 (1983), that “[i]f there is a finding of ineffective assistance of counsel based on counsel’s failure to file in a timely mannér, as he promised, a motion to revoke or revise sentence, the judge should vacate the sentence and reimpose it, thereby affording the defendant an opportunity to file timely a motion pursuant to Mass.R.Crim.P. 29(a) to revise the new sentence.” Cf. United States v. Ackerman, 619 F.2d 285, 287-288 (3d Cir. 1980) (decided under the analogous Fed.R.Crim.P. 35). See United States v. Golden, 854 F.2d 31, 32 (3d Cir. 1988).
James A. Couture for the defendant.
Shaun S. McLean, Special Assistant District Attorney, for the Commonwealth.
Because the judge was without jurisdiction to revise the sentence, his first revision was void as was his effort at reconsideration. In the circumstances, the defendant’s constitutional claims need not be considered.[2] The sentence imposed on October 10, 1990, is to stand.

So ordered.

 The defendant also asserts (1) a violation of the separation of powers doctrine, art. 30 of the Massachusetts Declaration of Rights, alleging the judge improperly usurped powers of the parole board; and (2) that he was subjected to jeopardy of repeated punishment by increasing his sentence after it had been shortened.