COMMONWEALTH *vs.* SCOTT D. GAUMOND. No. 00-P-1426. January 16, 2002. *Practice, Criminal,* Sentence.

The defendant appeals from an order denying his motion under Mass.R. Crim.P. 29, 378 Mass. 899 (1979), to revise or revoke his sentence. He pleaded guilty to a charge of larceny from a person over sixty under G. L. c. 266, § 30, and received a sentence of from five to seven years at the Massachusetts Correctional Institution at Cedar Junction. On a related charge of larceny over $250 he was placed on probation for a period of five years from and after his term of incarceration. As grounds for his rule 29 motion he claims that he was coerced into agreeing to plead guilty during a conference with the sentencing judge. He also made numerous allegations that his rights were denied prior to his plea.

Upon conditions set forth therein, rule 29 authorizes revision or revocation of a sentence "if it appears that justice may not have been done." Although the defendant prays that the court "reconsider the sentences imposed," it is clear in his affidavit and memorandum filed in support of his motion, and from his brief on appeal, that he sought to withdraw his guilty plea for a variety of reasons. He did not seek to revise his sentence on his guilty plea or to revoke the sentence imposed and to have a different sentence imposed.

Rule 29, by its terms, is not available for the defendant's purpose. The purpose of the rule is to permit a judge to reconsider a sentence imposed and to determine, in the light of the facts as they existed at the time of the sentence, whether the sentence was just. *Commonwealth* v. *Sitko*, 372 Mass. 305, 313-314 (1977). *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982). *Commonwealth* v. *Amirault*, 415 Mass. 112, 117 (1993). See *Commonwealth* v. *Richards*, 44 Mass. App. Ct. 478, 481-482 (1998).

The judge did not err in denying this motion.

*Order denying motion to revise or revoke sentence affirmed.*

(1975). See *Henderson* v. *Commissioners of Barnstable County*, 49 Mass. App. Ct. 455, 459 (2000).

*Scott D. Gaumond,* pro se.
*David R. Marks,* Assistant Attorney General, for the Commonwealth.