**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4459
_____

UNITED STATES OF AMERICA

v.

JAMES A. RUSSELL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-00721)
District Judge: Hon. Joseph H. Rodriguez

_____

Submitted under Third Circuit LAR 34.1(a)
April 16, 2012

Before: VANASKIE, ALDISERT and BARRY Circuit Judges.

(Filed: May 2, 2012)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

James Russell appeals the judgment of the United States District Court for the

Eastern District of Pennsylvania, entered on November 17, 2010, denying Russell's

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the

reasons that follow, we conclude that the District Court's order denying the motion will be vacated and the case remanded to the District Court for an evidentiary hearing on Russell's ineffective-assistance-of-counsel allegation.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in the District Court, we will revisit them only briefly.

A.

James Russell was charged with mailing a threatening communication, in violation of 18 U.S.C. § 876(c). The charge arose from Russell's mailing of a threatening letter to United States District Judge Harvey Bartle III while incarcerated at a Pennsylvania state correctional facility. The letter referred to an earlier prosecution, over which Judge Bartle presided, and in which Russell was sentenced to 53 months' imprisonment consecutive to the state sentence he was serving.

On July 20, 2006, Russell, who was then represented by the Federal Defenders Office, entered an "open" guilty plea to the indictment. App. 00004. In his sentencing memorandum and at his sentencing hearing, Russell urged the District Court to impose a sentence to run concurrently with his other federal sentence. Simultaneously, Russell filed a pro se sentencing memorandum requesting a downward departure.

At the April 19, 2007, sentencing hearing, the District Court imposed a term of 41 months' imprisonment, but did not specify whether the term was to run concurrently or consecutively. Russell timely appealed his sentence to our Court. The government agreed that the case should be remanded, and, based upon the agreement of the parties, we dismissed Russell's appeal on December 20, 2007.

Russell was subsequently resentenced. At that time, Russell's newly appointed attorney, Joseph Mitchell III, urged the District Court to impose a concurrent sentence and to show leniency. Mitchell also urged the District Court to grant the renewed motion for a downward departure. The District Court denied the motion and imposed a sentence of 33 months, to run consecutively to Russell's other federal sentence.

At the conclusion of the hearing, Russell informed the Court: "And for the record, I'm satisfied with the sentence. Thank you. And I would not be filing an appeal on that. Thank you very much." App. 00004. Russell soon realized, however, that he was not, in fact, satisfied with his sentence. Russell asserts that two days after the sentencing hearing, on April 9, 2009, he notified Mitchell that he had changed his mind and directed him to file an appeal on his behalf.[1] Mitchell did not file an appeal.

B.

On October 13, 2009, Russell filed a pro se § 2255 motion presenting six arguments: (1) that the District Court failed to properly apply the Sentencing Guidelines; (2) that Mitchell was ineffective for failing to argue that the Guidelines required a concurrent sentence; (3) that the prosecution misled the District Court regarding its authority to impose a concurrent sentence; (4) that Mitchell was ineffective for failing to counter the government's argument; (5) that the District Court erred in failing to credit his time already spent in federal custody toward his sentence; and (6) that Mitchell was ineffective for failing to seek an award of such credit. Russell wrote on the form motion that none of the grounds were presented previously because his "counsel 'refused' to raise them." App. 00039.

---

[1] Russell has presented a copy of the handwritten letter to Mitchell, dated April 9, 2009. As explained below, the government disputes the letter's authenticity.

In its response, the government challenged Russell's motion on procedural grounds, arguing that Russell's claims relating to trial court error and prosecutorial misconduct were procedurally barred because he failed to raise the claims on direct appeal and failed to show cause for this default.

In his reply, Russell rebutted the government's assertion of procedural default, asserting that such a default may be waived upon a showing of cause and prejudice. With respect to cause, Russell explained that he did not pursue the issues on direct appeal because his attorney failed to heed his direction to file such an appeal. In support of this statement, Russell filed with his reply a copy of a handwritten letter he sent to his attorney on April 9, 2009—two days after his resentencing hearing.[2] Russell's reply raised additional arguments that were not contained in his § 2255 motion.[3] Although these claims were not raised in Russell's § 2255 motion, Russell suggested that these arguments were included in an amended § 2255 petition filed at some unspecified time.

In its November 15, 2010 opinion and order, the District Court denied Russell's motion. In relevant part, the Court explained the effect of Russell's counsel's failure to file an appeal as follows:

> Russell alleges that his failure to directly appeal is the fault of his counsel, who refused to raise the issues on appeal. "A successful claim of ineffective assistance of counsel . . . satisfies the 'cause' prong of a procedural default inquiry." United States v. Garth, 188 F.3d 99, 107 (3d Cir. 1999) (citation omitted). Because the Court finds that Russell cannot satisfy the "prejudice" prong of the default inquiry, it will not consider whether Russell has demonstrated requisite cause.

---

[2] The government asserts that the letter is fraudulent because Russell's attorney was not occupying the address on the envelope until sometime in July 2009.

[3] The reply brief argued that the government had breached a plea agreement by advocating a consecutive sentence at the sentencing hearing and that the government's conduct violated Russell's due process. Russell requested an evidentiary hearing to determine whether he may withdraw his guilty plea.

App. 00007. The District Court declined to issue a COA pursuant to 28 U.S.C. § 2253(c).

## C.

On December 1, 2010, Russell filed a pro se notice of appeal of the District Court's order and moved in this Court for a COA. This motion presented a number of issues that were not included in his § 2255 motion. On May 19, 2011, this Court granted Russell's application for a COA, limited to the following issue: "whether the counsel was ineffective for failing to file a direct appeal." App. 00016.

## II.

The District Court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231, and over Russell's collateral petition under 28 U.S.C. § 2255. We have jurisdiction over this matter under 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the District Court's decision "because both the performance and prejudice prongs of ineffective assistance of counsel claims present mixed questions of law and fact." United States v. Cross, 308 F.3d 308, 314 (3d Cir. 2002) (citing Duncan v. Morton, 256 F.3d 189, 200 (3d Cir. 2001)).

## III.

The only issue before us is whether Russell's attorney was ineffective for failing to file a direct appeal. Although it cannot be questioned that we retain jurisdiction over this matter once the COA issued, see Gonzalez v. Thaler, 132 S. Ct. 641, 649-650 (2012), the government contends that we should hold that the COA was improvidently granted. See United States v. Marcello, 212 F.3d 1005, 1007-1008 (7th Cir. 2000) ("In a situation like this—a bit of a procedural morass—we think the best approach is to say we have discretion to decide the case by reviewing the validity of the [COA] or by going straight to the issues raised on the appeal."). We decline the government's invitation to review

our grant of the COA. See Gatlin v. Madding, 189 F.3d 882, 887 (9th Cir. 1999) ("[O]nce a COA has been issued without objection by this court, the procedural threshold for appellate jurisdiction has been passed and we need not revisit the validity of the certificate in order to reach the merits.").[4]

Moving on to the merits, we must decide "whether [Russell's] counsel was ineffective for failing to file a direct appeal." App. 00016. As the government concedes, this "issue . . . is not a complicated one." Brief for United States 18. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). A case in which a lawyer fails to file a direct appeal, contrary to the client's instructions, "is quite different from a case in which it is claimed that counsel's performance was ineffective. As [the Supreme Court] stated in Strickland, the '[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.'" Penson v. Ohio, 488 U.S. 75, 88 (1988) (citing Strickland v. Washington, 466 U.S. 668, 692 (1984)).

On the record before us, however, we are unable to adjudicate the merits of this claim. Russell has submitted a copy of the letter he claims to have sent to Mitchell directing him to file an appeal. Mitchell, however, was apparently not occupying the location to which the letter was addressed at the time Russell mailed it. The April 9,

---

[4] Like our sister Court of Appeals, we do not "mean to foreclose a challenge to the propriety of a COA issued by a district court—which is not the posture of the case before us—[n]or in timely response to a petitioner's request in this [C]ourt." Id. Similarly, we do not mean to foreclose the possibility of challenging the propriety of a COA granted by this Court. Simply put, in this instance, we decline the government's invitation to review our grant of the COA in the unique circumstances presented by this appeal.

2009, letter, which Russell asserts was his timely instruction to Mitchell to file an appeal, is addressed to Mitchell at 1500 JFK Boulevard, Suite 1700, in Philadelphia. The government asserts, however, that, on April 9, 2009, Mitchell still occupied Suite 520 at that location, and did not move into Suite 1700 until sometime after July 2009. "Inasmuch as these questions can be decided only after an evidentiary hearing, however, and because the district court did not hold such a hearing, we shall remand the case for this purpose." United States v. Ackerman, 619 F.2d 285, 288 (3d Cir. 1980).

IV.

For the foregoing reasons, the District Court's order denying the § 2255 motion will be vacated and the case remanded to the District Court for an evidentiary hearing on the ineffective-assistance-of-counsel allegation.