In March of 2011 the defendant pleaded guilty to armed robbery while masked and was sentenced, in accordance with the jointly agreed recommendation, to eight and one-half to twenty years in State prison. Over three years later, in 2014, the same judge who accepted the plea (1) granted a motion for new trial pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), on the basis of ineffective assistance of counsel in connection with the sentencing; and thereafter (2) granted a motion to revise the sentence to eight and one-half to ten years pursuant to Mass. R. Crim. P. 29, as appearing in 378 Mass. 899 (1979). Because the judge erred in finding ineffective assistance of counsel under the circumstances, we reverse.
Background. On July 31, 2008, the defendant was charged with masked armed robbery as a habitual offender. The habitual offender charge was based on two prior robbery convictions. The evidence against the defendant was substantial.[3] On June 28, 2008, the defendant entered the Bank of Fall River and handed the teller a note indicating that he had a gun and demanding that he be given "all the money." The teller complied and gave the defendant $3,500. Shortly thereafter the police arrived and were able to obtain a clear image from the bank surveillance footage of the defendant, wearing a gray T-shirt. The defendant's probation officer identified the defendant in the surveillance footage and the gray T-shirt was later recovered with the defendant's DNA on it. Moreover, the defendant's fingerprints were found on the note given to the bank teller.
On March 16, 2011, after considerable negotiation with the Commonwealth, the defendant agreed to plead guilty to the charge of masked armed robbery. In consideration of the defendant's guilty plea and his acceptance of the eight and one-half to twenty-year recommended sentence, the Commonwealth nolle prossed the habitual offender portion of the indictment. As a habitual offender the defendant faced the possibility of a life sentence under G. L. c. 279, § 25, if convicted at trial -- the defendant acknowledged at sentencing that his plea was motivated by this possibility. The prosecutor also explained that the twenty-year maximum sentence was intended to ensure supervision of the defendant after his release because they "fully expect[ed] him to make parole." The judge accepted the plea and entered the agreed upon sentence.
On May 4, 2011, within sixty days of the sentencing, defense counsel filed a motion to revise and revoke the sentence but did not offer any grounds therefore -- counsel merely noted that the defendant "wishes to preserve any and all rights due him." Counsel asked that the motion be docketed but not scheduled for a hearing until a later date when the defendant "may, on his motion, request that the matter be brought forward." The motion was not pursued at that time and no additional filings were made within the sixty-day window provided by rule 29. It was not until three years later, in June, 2014, that new counsel for the defendant filed additional materials. The motion judge, who was also the sentencing judge, denied the motion under Commonwealth v. DeJesus, 440 Mass. 147, 147-148 (2003), because the motion was not properly supported within sixty days of the sentencing.
In February, 2015, the defendant moved for a new trial under rule 30 (b) and argued that plea counsel was ineffective for failing to properly support and pursue the motion to revise and revoke in 2011. The defendant requested that the judge vacate the prior sentence under his rule 30 powers, and then reinstate the same sentence so that the defendant could pursue a timely rule 29 motion. The defendant contended that this procedure was a proper way to remedy ineffective assistance in a sentencing proceeding, citing Commonwealth v. Stubbs, 15 Mass. App. Ct. 955 (1983). The judge allowed the relief as requested, and thereafter granted the defendant's rule 29 motion and revised the sentence down to eight and one-half to ten years. The Commonwealth's attempt to reinstate the habitual offender portion of the indictment was denied. The Commonwealth appealed.
Discussion. The Commonwealth urges that the judge erred in finding ineffective assistance of counsel on the facts here, and that accordingly there was no basis to reopen the defendant's sentencing. To prove ineffective assistance the defendant was required to show that plea counsel's services fell "measurably below that which might be expected from an ordinary fallible lawyer." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The judge found this standard was satisfied (1) "because [plea counsel] failed to adequately bring certain mitigating facts to the court's attention at the time of sentencing," and (2) because plea counsel thereafter filed a timely rule 29 motion but failed to also timely file a supporting affidavit setting forth any grounds for revising the sentence. We review the grant of a motion for new trial for an abuse of discretion or error of law. Commonwealth v. Lykus, 451 Mass. 310, 325-326 (2008).
Neither of the bases identified by the judge supports a finding of ineffective assistance of counsel. First, the contention that plea counsel failed to argue "mitigating facts" cannot support a finding that counsel's conduct fell "measurably below that which might be expected from the ordinary fallible lawyer" under the facts here. See Commonwealth v. St. Louis, 473 Mass. 350, 363 (2015) (counsel was not ineffective where proposed motions and arguments would not have succeeded). The sentence the judge imposed was the agreed recommendation resulting from the plea bargain. Plea counsel negotiated that recommended sentence, and the defendant was advised of it in advance. The agreement in return was that the Commonwealth nolle prossed the habitual offender charge, thereby eliminating the possibility of a life sentence if that charge had gone to trial. In other words, the defendant received the deal for which he bargained, and given the strength of the Commonwealth's case, it is not suggested that the plea bargain was not a good result for the defendant. Any effort by plea counsel to argue for a lesser sentence at sentencing would have been inconsistent with the deal, and likely would have jeopardized it.[4] Under those circumstances plea counsel's representation of the defendant at the sentencing hearing did not amount to ineffective assistance of counsel.[5] See generally Commonwealth v. Fenton F., 442 Mass. 31 (2004).
Nor was there ineffective assistance of counsel arising from the fact that plea counsel filed a rule 29 motion within the required sixty days, but did not file the required supporting affidavit stating the grounds. It is true that this kind of placeholder filing had been explicitly held invalid in DeJesus, 440 Mass. at 151-152, and to that extent the filing was in error. The error was of no moment, however, because there has been no showing that the defendant had any argument to advance for revising or revoking his sentence. As discussed above, the plea had just been negotiated, agreed to, and accepted, and the sentence imposed by the judge. An effort within sixty days to revise the sentence would have been a tacit rejection of the deal. There is no suggestion in the defendant's motion for new trial that any critical new fact came to light in the sixty days after sentencing that would have justified such a change of course. The fact that the judge stated, four years later, that he "likely would have allowed" a proper rule 29 motion also is not indicative of ineffective counsel. Fenton F., 442 Mass. at 40. That fact was not known to counsel at the time the plea and sentencing occurred. See id.
This case bears many similarities to Commonwealth v. Fenton F. There a juvenile charged with murder in the first degree entered into a plea agreement in which he agreed to the "maximum" sentence in Juvenile Court of fifteen to twenty years. Id. at 31-32. By so pleading he avoided possible transfer to Superior Court to be tried as an adult. Some ten years later, the sentencing judge found ineffective assistance of counsel at sentencing, and granted a rule 29 motion reducing the sentence to the statutory minimum of fifteen-years. Id. at 32. The judge found, in pertinent part, that plea counsel had been ineffective by failing to argue at the time of sentencing that the judge had discretion to impose the fifteen year minimum sentence, and by failing to pursue a rule 29 motion on that same ground. Id. at 39.
The Supreme Judicial Court reversed, concluding that there could be no ineffective assistance of plea counsel on those facts. Id. at 41-42. The court rejected the argument that plea counsel was ineffective because, unbeknownst to him, the judge apparently had misapprehended his sentencing options. But the court went on to reject the ineffective assistance argument on the more fundamental ground, also applicable here, that in light of the negotiated plea deal counsel was not in a position to argue for a lesser sentence:
"In any event, such knowledge [that the judge misapprehended his discretion] would be irrelevant. The driving force behind the agreement was the fact that the plea bargain was extremely advantageous to the defendant, who avoided being tried in Superior Court where he would have faced the possibility of life without parole.
"Moreover, if defense counsel had argued to the judge that he had discretion under the statute to sentence less than the twenty years or otherwise suggested that the judge impose some sentence less than that to which the defendant agreed, he would have jeopardized the very plea agreement he negotiated on behalf of the defendant. The Commonwealth undoubtedly would have objected to any such argument by defense counsel and stated that the 'maximum' with a sentence of from fifteen to twenty years was the deal."
442 Mass. at 40.
In his order on the motion for new trial the judge stated another purported ground for rule 30 relief, which was that the judge himself had erred at sentencing because he had accepted "the Commonwealth's reasoning that the proposed sentence was appropriate because the defendant would likely make parole." This concern, however, is not a proper basis for reopening sentencing so that a rule 29 motion can be granted. Rule 29 (a) (2) contains strict timing requirements; any motion, whether by the defendant or on the judge's own motion, must be made within sixty days of sentencing (or the issuance of an appellate rescript after direct appeal). See Commonwealth v. Jackson, 80 Mass. App. Ct. 528, 533 (2011). A motion based upon ineffective assistance of counsel has been recognized as an exception to this strict rule, Stubbs, 15 Mass. App. Ct. at 955, but where there was no ineffective assistance of counsel the opportunity to grant rule 29 relief is otherwise closed once the filing deadlines have passed. We understand the judge's expressed desire to correct what he perceives as his own sentencing error, but that avenue was not available under the rules.
The orders allowing the defendant's motions pursuant to rule 29 & rule 30 are reversed.
The original sentence is reinstated.

All facts are derived from the defendant's plea colloquy.

There was no affidavit from plea counsel in connection with the rule 30 motion. Commonwealth v. Taylor, 463 Mass. 857, 869 (2012) (explaining that motion for new trial based on ineffectiveness is at its "weakest form" when it is bereft of any explanations from prior counsel). The Commonwealth pointed out in opposition to the rule 30 motion that any effort to argue for a lesser sentence would have been contrary to the plea bargain.

In any event, it is unclear what "mitigating facts" the judge believed should have been brought to his attention at sentencing. No specific facts are identified in the judge's order. In his affidavit in support of the rule 30 motion the defendant asserts -- without support -- that he is unlikely to make parole. Even assuming this is true, the defendant provides no basis to believe that counsel was aware of that likelihood at the time of the sentencing hearing. Commonwealth v. Fenton F., 442 Mass. 31, 40 (2004).