NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1070

COMMONWEALTH

vs.

HAROLD L. OLIVER, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After serving over thirty years of his thirty-to-forty year State prison sentence for assault with intent to rape, second offense, see G. L. c. 265, § 24, the defendant filed a motion pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), seeking a new sentencing hearing.  The motion was assigned to a Superior Court judge who declined to exercise his discretion to revisit the sentence, concluding that the defendant's motion failed to establish that justice was not done.  The defendant appeals from the denial of the motion.

The basis of the defendant's motion was that as a child and adolescent he was the victim of horrific sexual abuse and human trafficking, but that these mitigating circumstances were not

brought to the attention of the trial judge at sentencing. Appropriately, he does not contend that his claim involves newly discovered evidence or that his defense counsel at the time was ineffective, as he admits that he was aware of his past abuse but did not communicate it to counsel. Rather, the defendant claims that he is entitled to relief under "[t]he fundamental principle established by [rule 30 (b)]" that a new trial may be awarded "if it appears that justice may not have been done," even "in the absence of error or new evidence." Commonwealth v. Brescia, 471 Mass. 381, 388, 390 (2015).

To begin, we observe that the defendant has filed multiple new trial motions and motions to revise and revoke since his conviction. Indeed, he appears to have asserted a similar claim as that asserted here in connection with a 1998 motion to revise and revoke. Thus, the issue is waived, see Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001); Commonwealth v. Deeran, 397 Mass. 136, 142 (1986), and at the very least the defendant must demonstrate a substantial risk of a miscarriage of justice to be entitled to relief. See Commonwealth v. Randolph, 438 Mass. 290, 296 (2002); Commonwealth v. Azar, 435 Mass. 675, 685 (2002). The Commonwealth argues that he is entitled to no relief whatsoever because his motion is in effect an untimely motion to revise and revoke. See Mass. R. Crim. P.

2

29 (a) (2), as appearing in 489 Mass. 1503 (2022) (judge may revise or revoke disposition of criminal case upon motion brought "within sixty days of a disposition, within sixty days of issuance of a rescript by an appellate court on direct review, or within sixty days of the disposition of criminal charges against a codefendant"); Commonwealth v. Fenton F., 442 Mass. 31, 36 (2004). Assuming without deciding that the motion judge properly treated the motion as a rule 30 (b) motion and had the discretion to order a new sentencing hearing, we discern no abuse of that discretion.

"It is well established that, in reviewing the denial or grant of a new trial motion, we examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion" (quotation and citation omitted). Brescia, 471 Mass. at 387. "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015).

Here, the motion judge declined to grant the relief sought by the defendant because he determined that the defendant failed

to show that "justice was not done." In making this determination, the judge commented the original sentence was neither "inappropriate" nor "too harsh," and that the evidence of the abuse suffered by the defendant "does not serve as a basis to overturn or vacate his legally imposed sentence, given the defendant's underlying conduct, the fact that this offense was committed while on parole, the time delay between sentencing and this motion; [the] 1998 letter to Judge Barton; the Rule 29 motions previously denied; etc."

The defendant's reliance on Commonwealth v. Talbot, 444 Mass. 586, 595-597 (2005), is misplaced. In Talbot, the contents of a presentencing report had no prejudicial effect on the defendant's sentence because the information in the report was cumulative of information that the judge already had. See id. Nothing in Talbot suggests or implies that a judge may not consider the appropriateness of the original sentence in determining whether the evidence offered by a defendant years later rendered the original sentence unjust. Nor are we persuaded by the defendant's claim that he "stands in essentially the same place" as the defendant in Commonwealth v. Epps, 474 Mass. 743 (2016). There, new evidence based on evolving scientific research about child head injuries would have been a "real factor" in the jury's deliberations, and the

4

defendant's deprivation of such a defense created a serious doubt as to whether the jury's verdict would have been the same. See id. at 768.  Here, the motion judge reasonably concluded that the evidence of the defendant's past abuse would not have been such a significant factor at the defendant's sentencing hearing as to cast doubt on the justice of the sentence imposed. There was no abuse of discretion.  The factors that the judge considered were appropriate and relevant, and his determination that there was no injustice is reasonable.

> Order denying motion for new trial affirmed.
>
> By the Court (Massing, Shin & D'Angelo, JJ.[1]),
>
> Clerk

Entered:  August 1, 2024.

---

[1] The panelists are listed in order of seniority.